IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HEATHER TRAUTMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:16-cv-1049 |
| | § | |
| | § | |
| TWC ADMINISTRATION, LLC | § | |
| D/B/A/ TIME WARNER CABLE | § | |
| | § | **JURY DEMANDED** |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, HEATHER TRAUTMAN, files this Complaint and Jury Demand against Defendant TWC ADMINISTRATION, LLC, D/B/A/ TIME WARNER CABLE, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA"), the Texas Commission on Human Rights Act; and the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

### I.
### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff HEATHER TRAUTMAN is a resident of Hays County, Texas.

2. Defendant TWC ADMINISTRATION, LLC is an entity which may be served through its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3. This Court has jurisdiction to hear the merits of Ms. Trautman's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). The Court has supplemental jurisdiction over Ms. Trautman's claims arising under Texas statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the

claims in this case occurred in Travis County, Texas.

## II.

## FACTUAL BACKGROUND

5. Plaintiff, Heather Trautman, was hired by Defendant Time Warner Cable in October 2012 as Workforce Analyst.

6. From March 2014 through January 2015, Ms. Trautman performed her duties as a Workforce Analyst from home after she gave birth to her daughter. Her daughter would not take a bottle, so Time Warner Cable allowed Ms. Trautman to work from home. Prior to giving birth, from approximately August 2013 through December 2013, Time Warner Cable allowed Ms. Trautman to work a modified schedule, where she would arrive at work, leave at 3pm, and then work from home after she arrived at home. Time Warner Cable allowed Ms. Trautman to work this schedule because she suffered from anxiety and panic attacks, and her doctor said that she had to leave work by 3pm because of her panic attacks.

7. Ms. Trautman returned to work onsite in January 2015. Prior to her return, on December 12, 2014, Ms. Trautman requested that Time Warner Cable accommodate her medical condition, anxiety and panic attacks, by allowing her to work in the office from 7am until 2pm, to take half an hour for lunch, and to finish the rest of her work day at home, for approximately 1.5 hours. This request was supported by documentation from Ms. Trautman's doctor indicating that the accommodation was necessary because of her anxiety and panic attacks, and was similar to the accommodation she had prior to her period of working at home.

8. Ms. Trautman's request for accommodation was denied on January 9, 2015. The denial letter stated that the reason for the denial was that "the request and accommodation are not related to an essential function of Heather's job." The document further states that "Heather's position requires her to work from the office during normal business hours and is not a work from home position."

9. After Ms. Trautman received the denial letter, she spoke with Amy Vitela in

Respondent's Human Resources department regarding the letter, and Ms. Vitela sent her an e-mail on January 14, 2015, confirming the denial of the request for accommodation. The e-mail suggested that Ms. Trautman consider using public transportation instead of driving at work.

10. Ms. Trautman requested Family and Medical Leave on January 14, 2016, because of the anxiety and panic attacks she had faced.

11. On January 19, 2015, Ms. Trautman's lawyer sent a letter to Time Warner Cable requesting that Respondent reconsider her request for accommodation, and explaining that Respondent's conduct violates the Americans with Disabilities Act. Time Warner Cable sent a response on February 10, 2015, re-stating its denial of Ms. Trautman's request for accommodation.

12. On February 24, 2015, Ms. Trautman was given a written disciplinary notice for excessive absenteeism.

13. On March 2, 2015, Ms. Trautman was given a second write-up for attendance.

14. On March 20, 2015, Ms. Trautman received a response to her application for Family and Medical Leave. The Response stated that Defendant's benefits administrator "became aware of your request to take Family and Medical Leave due to a serious health condition that makes you unable to perform the essential functions of your job." It stated further that "[w]e have reviewed your request for intermittent leave and have approved your leave under the Federal Family and Medical Leave Act (FMLA) from January 14, 2015 through August 27, 2015."

15. On April 9, 2015, Respondent terminated Ms. Trautman's employment. The reason given for Ms. Trautman's termination, "Excessive Absences," is a pretext for discrimination based on Ms. Trautman's disability and retaliation for her earlier opposition to Respondent's retaliatory conduct and her use of FMLA leave.

## III.
## CAUSES OF ACTION

### COUNT ONE:

**Discrimination on the Basis of Disability
in violation of the ADA and TCHRA**

16. Defendant violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by refusing to accommodate Plaintiff's disability and by discharging Plaintiff. 42 U.S.C. § 12101 *et seq.;* Texas Labor Code §21.001 *et seq.*

17. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

18. Defendant is an employer under the ADA and the TCHRA.

19. Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

20. Plaintiff was meeting her employer's expectations.

21. Plaintiff was terminated as a direct result of her disability, her record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

22. Defendant violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of her disability by refusing to provide Plaintiff with reasonable accommodations and by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved

Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## COUNT TWO

### Family and Medical Leave Act

23. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. The FMLA also contains provisions that prohibit an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

24. Plaintiff availed herself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

25. In addition, an employee who takes FMLA leave under section 2612 shall be entitled, on return from such leave, to be restored by the employer to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. See 29 U.S.C. §2614(a)(1). Furthermore, the taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commended. See 29 U.S.C. §2614(a)(2). Defendant has violated these provisions of the FMLA by terminating Plaintiff while she was on FMLA.

# IV.
# DAMAGES

26. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

# V.
# COMPENSATORY DAMAGES

27. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her disability, her record of having a disability, and/or because Defendant regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

# VI.
# PUNITIVE DAMAGES

28. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## LIQUIDATED DAMAGES

29.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

30.     A prevailing party may recover reasonable attorneys' and experts' fees. SEE TEX. LAB. CODE §21.259; 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.  Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

31.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.      The Court assume jurisdiction of this cause;

2.      The Court award Plaintiff damages as specified above;

3.      The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.      The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.      The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6.      The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law

or in equity.

          Respectfully submitted,

          THE LAW OFFICES OF KELL A. SIMON
          902 East Fifth Street, Suite 207
          Austin, Texas 78702
          (512) 898-9662 Telephone
          (512) 368-9144 Facsimile

          s/ Kell A. Simon
          Kell A. Simon
          State Bar No. 24060888
          ATTORNEY FOR PLAINTIFF